UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NASEAN BONIE,

                        Petitioner,

    -against-

ANTHONY ANNUCCI,

                        Respondent.

19cv11822 (AJN) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

*Pro se* petitioner Nasean Bonie ("Petitioner") has filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, challenging his sentence as excessive, and also claiming that any waiver of his right to appeal his sentence was not knowing and voluntary. (*See* Petitioner Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, dated Dec. 13, 2019 ("Pet") (Dkt. 2).) Petitioner's habeas claims have been referred to this Court by the Honorable Alison J. Nathan, U.S.D.J. for a report and recommendation, and currently before this Court, within the scope of that reference, is an application by Petitioner for the Court to request counsel to represent him in connection with this proceeding (*see* Application For the Court To Request Counsel, dated Jan. 14, 2020 (Dkt. 9)). For the following reasons, Petitioner's application for counsel in this habeas case[1] is denied at this time, without prejudice.

While a habeas petitioner has no right to counsel, *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993) (citation omitted), this Court has discretion, under the Criminal Justice Act

---

[1] This Court notes that Petitioner has also made an application for counsel in another case that he filed in the Court, under 42 U.S.C. § 1983, *Bonie v. Annucci, et al.*, Case No. 20cv640 (KMK). Nothing herein is intended to address Petitioner's application in that separate case, which is not before the undersigned.

("CJA"), to appoint counsel for any person "seeking relief" under 28 U.S.C. § 2254 "[w]henever . . . the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A; *see also Taylor v. United States*, 822 F.3d 84, 92 n.4 (2d Cir. 2016); *Farmer v. United States*, No. 15cv6287 (AJN), 2016 WL 1276461, at *7 (S.D.N.Y. Mar. 30, 2016). Moreover, the governing rules require the appointment of counsel when an evidentiary hearing is needed, and allow for such appointment "at any stage of the case," if the interest of justice so requires. Rule 8(c) of the Rules Governing Section 2254 Cases; *see also McCray v. Graham*, No. 13cv5983 (PKC), 2015 WL 158883, at *7 (S.D.N.Y. Jan. 13, 2015).

In determining whether appointing counsel in a habeas case would be in "the interests of justice," this Court looks to the standards governing counsel applications in other types of civil cases. *See, e.g.*, *Garavito-Garcia v. United States*, No. 17cv5798 (JSR) (SLC), 2019 WL 5960207, at *2 (S.D.N.Y. Nov. 13, 2019); *Speed v. United States*, No. 15cv00755 (MAT), 2016 WL 4541565, at *1 (W.D.N.Y. Aug. 30, 2016); *Hall v. Lee*, No. 15cv2559 (LGS) (KNF), 2015 WL 1922739, at *1 (S.D.N.Y. Apr. 17, 2015). In civil cases outside the habeas context, the Court may request counsel for an indigent plaintiff under 28 U.S.C. § 1915(e)(1), and, in considering an application for counsel under that statute, the Court must consider several factors.[2] In particular, the Court must first determine "whether the indigent's position seems likely to be of

---

[2] These factors include: "the indigent's ability to investigate crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986); *accord Speed*, 2016 WL 4541565, at *1; *McIntosh v. United States*, No. 14cv7889 (KMK), 2016 WL 1274585, at *36 (S.D.N.Y. Mar. 31, 2016). In addition, the Court should consider the plaintiff's "ability to obtain representation independently." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam).

substance." *Hodge*, 802 F.2d at 61. "Only if the claim meets this threshold requirement should the district court then consider the various factors outlined in *Hodge*." *Speed*, 2016 WL 4541565, at *1.

In determining this threshold requirement, "'the court need not decide whether petitioner is likely to win his case.'" *Santan*, 2010 WL 3001964, at *2 (quoting *Glaude v. Artuz*, No. 96 Civ. 2759, 1996 WL 684443, at *1 (E.D.N.Y. Nov. 21, 1996)). "Rather, 'the preliminary assessment of likely merit must be taken somewhat more generously,'" *id.* (quoting *Glaude*, 1996 WL 684443, at *1), "since the unrepresented litigant might have difficulty articulating the circumstances that will indicate the merit that might be developed by competent counsel," *Cooper*, 877 F.2d at 174. While the Court should not appoint counsel "indiscriminately" just because an indigent person makes such a request, it is not necessary for the plaintiff to demonstrate that his or her claims will survive a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 393-94 (2d Cir. 1997). The question for the Court is whether, "from the face of the pleading," Petitioner's claims "appear[] to have some chance of success." *Caractor v. N.Y. Dep't of Homeless Servs.*, No. 11cv2990 (DLC) (KNF), 2012 WL 3127181, at *1 (S.D.N.Y. July 27, 2012) (internal quotation marks and citations omitted); *see also Hodge*, 802 F.2d at 60-61.

Here, Petitioner has already been granted leave to proceed *in forma pauperis* (*see* Dkt. 3), and he need not make any further showing of indigence in order to demonstrate that he is eligible for appointed counsel. Petitioner has not, however, demonstrated that his habeas claims are likely to be of substance. While this Court is mindful that the standard for meeting this threshold requirement is not high, Petitioner nonetheless has not met it here. Even liberally construing his *pro se* Petition, it appears that Petitioner is principally challenging the length of the prison

sentence imposed by the state court (*see* Pet. ¶ 12; *see also* Brief for Defendant-Appellant, dated Feb. 8, 2019 (attached to Pet.)), and an "excessive sentence" claim is generally not cognizable on federal habeas review. First, where such a claim is grounded in state law, it cannot be considered by this Court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Bell v. Ercole*, 631 F. Supp. 2d 406, 418 (S.D.N.Y. 2009) ("[Petitioner] contends that his sentence of fourteen years of imprisonment was excessive and should be reduced in the interest of justice. To the extent that this claim relies on state law principles, it is not cognizable on federal habeas review."). Second, although an excessive-sentence claim may be cognizable on federal habeas where the petitioner alleges that the statute under which he was sentenced was itself unconstitutional under the Eighth Amendment, *see United States v. Dawson*, 400 F.2d 194, 200 (2d Cir. 1968), Petitioner has not explicitly raised such a claim here. Third, even if Petitioner could be found to have raised such a claim, "[i]t is well-settled that finding a sentence as violative of the Eighth Amendment is strictly limited to only the most extenuating of circumstances." *Alvarez v. Scully*, No. 91cv6651 (PKL), 1993 WL 15455, at *12 (S.D.N.Y. Jan. 11, 1993) (citing *Solem v. Helm*, 463 U.S. 277, 290 (1983)), *aff'd*, 23 F.3d 397 (2d Cir. 1994), and it is unlikely that such circumstances could be held to exist in Petitioner's case. Finally, in the absence of a viable challenge to the statute under which a petitioner was sentenced, a sentence that is within the range permitted by state law will not be held disproportionate under the Eighth Amendment, *Pinero v. Grenier*, 519 F. Supp. 2d 360, 371 (S.D.N.Y. 2007), and Petitioner has not alleged that his sentence fell outside the range permitted by state law in his case.

This Court also notes that, although Petitioner, who was convicted upon a guilty plea, also purports to assert a claim challenging the validity of his waiver of his right to appeal (*see* Pet. ¶ 12), it appears that Respondent did not oppose that claim when Petitioner raised it to the

Appellate Division on his direct appeal (*see* Brief for Respondent, dated Apr. 17, 2019 (attached to Pet.), and that the Appellate Division then proceeded to hear the appeal (even though the court affirmed Petitioner's conviction and sentence) (*see* Pet. ¶ 9). Thus, it does not appear that Petitioner was prejudiced by any putative waiver. In any event, Petitioner appears to have challenged the waiver on appeal only as a means to explain to the Appellate Division why the court was not precluded from hearing his excessive-sentence claim.

This Court is mindful that some of the other factors enunciated in *Hodge* would militate in favor of the appointment of counsel, if those factors were reached by the Court. Aside from being incarcerated, Petitioner has stated that he has mental health issues that affect his ability to proceed effectively on his own behalf, and he has also stated that he has "tried to acquire counsel on [his] own[,] but [has] not yet been able to secure representation." (Dkt. 9.) Nevertheless, given its assessment of the substance of Petitioner's claims, this Court is constrained to conclude that appointment of *pro bono* counsel is not appropriate in this case, *see Cooper*, 877 F.2d at 173 (stressing "the importance of our ruling in *Hodge* requiring the indigent seeking a free lawyer to first pass the test of likely merit"), at least not at this time. If, upon review of Respondent's opposition papers, this Court discerns that Petitioner's claims are more complex that has been suggested by this Court's initial review, then it may revisit Petitioner's request for counsel *sua sponte*, at that point.

The Court also notes receipt of two letters from Petitioner, dated March 4, 2020 and March 5, 2020, which purport to seek emergency relief from this Court with respect to the conditions of his confinement. (Dkts. 13-14.) The complained-of conduct and the relief sought by Petitioner therein do not relate to his habeas Petition, and therefore are not properly addressed to this Court. This Court notes, however, that Petitioner also filed these letters in his Section

1983 case (*see* Docket in Case No. 7:20-cv-640, at Dkts. 11-12), where they may potentially have more relevance.

## CONCLUSION

For the foregoing reasons, Petitioner's request for appointment of counsel in this habeas proceeding is denied. The Clerk of Court is directed to close the motion filed at Dkt. 9 on the Docket of this action.

Dated: New York, New York
March 13, 2020

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Mr. Nasean Bonie
DIN No. 15A1872
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

Respondent's counsel (via ECF)